```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION


CHARLES W. PERRY, III                                    PLAINTIFF

VS.                            CIVIL ACTION NO. 5:05-cv-41(DCB)(JMR)

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT
OF THE INTERIOR, FISH AND
WILDLIFE SERVICE                                         DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on motion by the defendant United States of America, for and on behalf of its agencies, the United States Department of the Interior and the Fish and Wildlife Service, for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56; and to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) **(docket entry 27)**. Having carefully considered the motion, the plaintiff's response, the memorandum of the parties, and the applicable law, and being fully advised in the premises, the Court finds as follows:

The plaintiff, Charles W. Perry, III (hereinafter "Trey Perry" or "Trey"), is the owner of a tract of real property used as a hunting camp ("the camp property") consisting of thirty-five (35) acres, more or less, with improvements situated thereon in Section 12, Township 11 North, Range 5 West, in Yazoo County, Mississippi. Trey's property is bounded on the South by Lake George, an old ox-bow lake formed by the Sunflower River; on the West by Panther

Creek; on the North by land belonging to Benford Adcock and Floyd Coglan, Sr.; and on the North and East by Panther Swamp National Wildlife Refuge, which is owned by the United States of America. Trey inherited the property from his grandmother, Jean Campbell Perry, pursuant to her Last Will and Testament dated April 25, 1996, recorded in Book FF at Page 137 in the office of the Chancery Clerk of Yazoo County, Mississippi. Affidavit of Charles W. Perry, Jr., ¶ 5.

The camp property has been in the plaintiff's family since August 28, 1936, when his great grandfather, C.W. Perry, purchased land which included the camp property from W.A. Henry by warranty deed which is recorded in Book FS at Page 442 in the land records of the Chancery Clerk of Yazoo County, Mississippi. The property C.W. Perry purchased from W.A. Henry consisted of approximately 900 acres, commonly referred to as "Mounds Plantation." The Perry family has farmed this property, and used the camp property for fishing and hunting, since 1936. Affidavit of Charles W. Perry, Jr., ¶ 4.

The plaintiff alleges that the only land access linking his property to the public road is by what is commonly referred to as "Twist Road," part of which crosses the Panther Swamp National Wildlife Refuge. Trey asserts that beginning in 1936, and continuously until July of 2003, his family, including his great grandfather C.W. Perry, his grandfather Charles William Perry, and

his father Charles W. Perry, Jr., have utilized the Twist Road uninterruptedly for access to the Perry camp property. Trey's great grandfather and grandfather constructed two(2) cabins on the camp property, one in 1936 and the other in 1957. Building materials were transported to the camp property over Twist Road. The plaintiff's grandfather also carried equipment over Twist Road to build a pond in approximately 1986. The Perrys assert that they have worked and maintained Twist Road to keep the road in good repair as if it were their own. Plaintiff's Memorandum, pp. 3-4; Affidavit of Charles W. Perry, Jr., ¶¶ 8-9; Deposition of Charles W. Perry, Jr., pp. 36-39.

In 1978 the United States Congress established the Theodore Roosevelt National Wildlife Refuge Complex. Panther Swamp National Wildlife Refuge ("Panther Swamp") is included in the Refuge Complex. Panther Swamp consists of approximately 38,697 acres. On February 26, 1988, the United States acquired a tract of land situated in Section 3, Township 11 North, Range 4 West, Yazoo County, Mississippi, which includes the Twist Farms land. Deposition of Tim Wilkins, pp. 14-15. The Perry family continued to use the Twist Road without interruption, and to repair and maintain Twist Road, after the Twist Farms land was purchased by the United States, and until July of 2003 when the defendant installed a locked gate across Twist Road and prohibited the plaintiff and his family from using the road. Plaintiff's

Memorandum, p. 6; Affidavit of Charles W. Perry, Jr., ¶¶ 15-17; Deposition of Charles W. Perry, Jr., pp. 78-79. The plaintiff has brought this suit to quiet title to a prescriptive easement on Twist Road pursuant to the Quiet Title Act, 28 U.S.C. § 2409a.

The defendant seeks a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). In considering a motion on the pleadings, the Court views the facts presented in the pleadings and the inferences drawn therefrom in the light most favorable to the nonmoving party. If, however, matters outside the pleadings are presented and not excluded, the motion becomes a motion for summary judgment under Fed.R.Civ.P. 56. McMillan v. Delta Pride Catfish, Inc., 1998 U.S. Dist. LEXIS 13529 (N.D. Miss. 1998). Since matters outside the pleadings have been submitted and accepted by the Court, the defendant's motion shall be treated as one for summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Initially, the movant bears the burden of

pointing out to the Court the basis for the motion and the elements of the cause of action upon which the nonmoving party will be unable to establish a genuine issue of material fact. Id. at 323. The burden then shifts to the non-movant to establish the existence of a material fact issue. Id. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)(quoting Fed.R.Civ.P. 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. Id. at 247-48.

Since the plaintiff alleges that a prescriptive easement was established prior to the acquisition of the land in question by the United States, he is entitled to bring this action under the Quiet Title Act. See Bunyard v. U.S. Dept. of Agriculture, 301 F.Supp.2d 1052, 1054 (D. Ariz. 2004); Michel v. United States, 65 F.3d 130, 132 (9th Cir. 1995)(finding that Quiet Title Act suit for an easement over roads and trail in national wildlife refuge was not barred by statute of limitations); Kinscherff v. United States, 586 F.2d 159, 161 (10th Cir. 1978)(easements are real property interests

subject to quiet title actions).

The parties acknowledge that, in order to maintain a claim for prescriptive easement, the plaintiff must demonstrate that the necessary elements for a prescriptive easement occurred prior to ownership of the property by the United States.  It is also uncontested that the existence of such a prescriptive easement must be determined under Mississippi law.  The standard and burden of proof to establish a prescriptive easement is the same as a claim of adverse possession of land.  Thornhill v. Caroline Hunt Trust Estate, 594 So.2d 1150, 1153 (Miss. 1992).  In order to establish adverse possession or a prescriptive easement the evidence must show that possession is: (1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful.  Id.  These elements must be proven by clear and convincing evidence.  Id.

The United States asserts that the plaintiff cannot show that his family's use of Twist Road was hostile to and without the permission of the owners of the servient estate.  In support of its argument, the United States points out that "It is axiomatic that a use which has its inception in the permission of the landowner may not ripen into an easement by prescription."  Defendant's Memorandum, p. 6 (citing Myers v. Blair, 611 So.2d 969, 971 (Miss. 1992)).  The government also points out that acts of neighborly

courtesy should not be used against a landowner to deprive him of his rights. Defendant's Memorandum, p. 6 (citing <u>Patterson v. Harris</u>, 239 Miss. 774, 125 So.2d 545, 550 (Miss. 1992)). The problem with the government's argument is that there is no evidence before the Court establishing that the Perry family's use of Twist Road had its inception in permission or neighborly courtesy. The prescriptive easement is alleged to have begun in 1936. Under Mississippi law, ten years of continuous and uninterrupted use is sufficient time to establish a prescriptive right. There is little if any testimony regarding the nature of the use, whether hostile or permissive, for the period from 1936 to 1946. When "a use of the lands of another for roadway purposes has been open, visible, continuous and unmolested since some point in time anterior to the memory of aged inhabitants of the community, such use will be presumed to have originated adversely." <u>McCain v. Turnage</u>, 238 Miss. 44, 46, 117 So.2d 454, 455 (1960). "Requiring a litigant who is attempting to establish adverse possession or a prescriptive easement to prove that there was no permission for use would be unreasonable. The law typically frowns upon requiring a party to prove a negative." <u>Morris v. W.R. Fairchild Const. Co.</u>, 792 So.2d 282, 284 (Miss. App. 2001). The Court finds there to be genuine issues of material fact, precluding summary judgment for the defendant.

The United States also asserts that the plaintiff is

attempting to bring two actions, one for prescriptive easement and another for an injunction against the government to limit the government's regulatory authority over private access within the National Wildlife Refuge System.  As to the first action, the defendant admits that this Court has jurisdiction under the Quiet Title Act.  As to the second, it contends that it has not waived its sovereign immunity but has delegated authority to the Secretary of the Interior over permits applicable to all persons entering a wildlife refuge.  The plaintiff, in his response, seems to argue that he is bringing only one action, for prescriptive easement, and that included in that action is a request for injunctive relief not for "unrestricted access," but to have the government recognize his prescriptive easement.  Plaintiff's Memorandum, pp. 20-21.  The Court is not convinced that it does not have jurisdiction to issue an injunction on the merits of the plaintiff's prescriptive easement claim.  The defendant's motion shall therefore be denied without prejudice.  Accordingly,

   IT IS HEREBY ORDERED that the government's motion **(docket entry 27)** for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), which the Court treats as a motion for summary judgment pursuant to Fed.R.Civ.P. 56, is DENIED;

   FURTHER ORDERED that the government's motion **(docket entry 27)** to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) is DENIED without prejudice.

SO ORDERED, this the 14th day of July, 2006.

<u>S/DAVID BRAMLETTE</u>
UNITED STATES DISTRICT JUDGE